UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CASSIDY McKOIN | CIVIL ACTION NO. 05-1373-M |
| VS. | SECTION P |
| VENETIA MICHAEL, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Cassidy McKoin on July 13, 2005.[1] Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the David Wade Correctional Center (DWCC), in Homer, Louisiana, where he is serving four consecutive twelve year hard labor sentences following his 1998 convictions on four counts of simple burglary of an inhabited dwelling in Louisiana's Fourth Judicial District Court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, and the published

---

[1] The pleadings were received and filed on July 29, 2005. However, the "mailbox rule" provides that a prisoner's federal pleadings should be considered to have been filed as of the date the pleadings were presented to the prison authorities for mailing. See *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Plaintiff signed his pleadings on July 13, 2005. Therefore, the court assumes that this was the earliest date that the petitioner could have presented his pleadings to the authorities for mailing.

jurisprudence of the State of Louisiana establish the following relevant facts:

1. On September 14, 1998 petitioner pled guilty to four counts of simple burglary of an inhabited dwelling pursuant to a plea agreement. In return for the plea, three counts were dismissed and a pre-sentence investigation was ordered by the court. [Doc. 1-3, pp. 6-7] Additionally, petitioner was advised that with regard to sentencing, petitioner "...would be exposed to a total of fourty-eight [sic] (48) years." [Doc. 1-3, p. 16 quoting from Guilty Plea Transcript, page 5, lines 14-16; See also Exhibits, Plea Transcript, pp. 44-57[2]] The court specifically advised the petitioner as follows:

> "You understand Mr. McKoin, that the – what the District Attorney and your attorney is you're pleading guilty to four (4) counts of burglary. ... Each of which has an exposure of twelve (12) years at hard labor. It could run concurrent or it could run consecutively. Could run it all together at the same time or could run separately. It could be forty-eight (48) years... So, you understand that that would be the exposure that you would be subjected to if the Court enters – takes your plea to these four (4) charges." [Exhibits p. 46]

To which petitioner responded, "I understand." [id.]

After having sworn the petitioner, the court again advised as follows:

> "And I am now to understand from what your attorney and the District Attorney has indicated to me and you as well that you wish to plead guilty to counts 2, 3, 4, and 6 of these charges against you? ... And you fully understand as I had mentioned earlier that you will be exposed to a twelve (12) year hard labor sentence on each of these counts, each of the four (4) which could run if the Judge determines that is what's necessary consecutively and you would be exposed to a total of forty-eight (48) years." [Exhibits, p. 48]

---

[2] Petitioner has not otherwise identified the exhibits associated with Doc. 1. For ease of reference, the undersigned has numbered the pages sequentially and this numbering system appears on the lower right hand corner of each exhibit.

To which petitioner again responded, "I understand." [id.]

After having accepted petitioner's plea, the court advised, "And you know you're getting no guarantee of any kind of sentence at this time?" To which petitioner again responded, "I understand." [Exhibit, p. 55]

On November 3, 1998, petitioner was sentenced to serve twelve years at hard labor on each count and the sentences were ordered to be served consecutively. Petitioner, through court appointed counsel, moved for reconsideration of sentence which was denied. [Doc. 1-3, p. 7; Exhibit, pp. 58-73, Transcript of Sentencing]

2. Petitioner, through counsel, appealed[3] claiming excessiveness of sentence. On June 16, 1999, petitioner's conviction and sentence were affirmed by the Second Circuit Court of Appeal. See *State of Louisiana v. Cassidy McKoin*, 98-32166 (La. App. 2d Cir. 6/16/99), 761 So.2d 815 (unpublished). [See slip opinion of the Second Circuit, Exhibits, pp. 132-138] Petitioner did not seek further direct review in the Louisiana Supreme Court.[4]

3. On October 2, 2001, petitioner, through retained counsel, filed an Application for Post-Conviction Relief in the Fourth Judicial District Court alleging, among other things, ineffective assistance of counsel based upon counsel's failure to seek further direct review of petitioner's excessiveness of sentence claim. [Exhibit, pp. 20- 43]

A hearing was convened. On March 13, 2003, the trial court granted petitioner's

---

[3] Petitioner claimed that no appeal was taken, [see Doc. 1-3, p. 7] however, the published jurisprudence refutes that claim.

[4] A search of the published jurisprudence of the State of Louisiana indicates no Louisiana Supreme Court writ denials associated with petitioner's direct appeal. Further, petitioner claims that counsel's failure to seek further direct review as evidence of counsel's ineffective assistance. [Doc. 1-3, pp. 9-11]

3

application on the issue of counsel's failure to seek further review of the excessiveness of sentence claim and afforded petitioner a period of sixty days from that date within which to seek further review of his excessiveness of sentence claim in the Louisiana Supreme Court. [Doc. 1-3, p.7; Exhibit pp. 74-131; 156-157]

4. On December 29, 2003, petitioner, through retained counsel, sought review in the Louisiana Supreme Court. In his Application for Writs of Certiorari, Mandamus and Prohibition, he argued three Assignments of Error:

(1) "The Court of Appeals respectfully erred in the denial of the appeal in this matter.

(2) The trial court, at sentence respectfully erred in the denial of the motion to reconsider sentence.

(3) The sentence of forty-eight (48) years for four counts of simple burglary of a residence is legally excessive, unduly harsh and constitutionally impermissible." [Exhibits, pp. 2-16]

On September 24, 2004, petitioner's writs to the Louisiana Supreme Court were denied. See *State of Louisiana v. John Cassidy McKoin*, 2003-3531 (La. 9/24/04), 882 So.2d 1162; *State of Louisiana v. Cassidy McKoin*, 2004-0068 (La. 9/24/04), 882 So.2d 1162.

5. Petitioner filed his federal *habeas corpus* petition on July 13, 2005. [See footnote 1, *supra*]

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138

L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[5]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner timely appealed his sentence. The sentence was affirmed by the Second Circuit Court of Appeals on June 16, 1999. See *State of Louisiana v. Cassidy McKoin*, 98-32166 (La. App. 2d Cir. 6/16/99), 761 So.2d 815 (unpublished) [See slip opinion of the Second Circuit, Exhibits, pp. 132-138]. Petitioner did not seek further direct review by filing an application for

---

[5] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

writs in Louisiana's Supreme Court. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the <u>expiration of the time for seeking such review</u>" [28 U.S.C. § 2244(d)(1)(A)], thirty days later, on or about July 16, 1999.[6] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.)

Therefore, petitioner had one year, or until July 16, 2000, to file his federal *habeas corpus* suit. He cannot rely on the tolling provision provided by 28 U.S.C. §2244(d)(2) because he did not file his Application for Post-Conviction Relief until October 2, 2001,[7] and by that time, the period of limitations had already lapsed and could not be revived by the filing of an otherwise timely state application for post-conviction relief.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from

---

[6] See Louisiana Supreme Court Rule X § 5(a) which provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

See also *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000): "Rule X, §5(a) is a procedural requirement governing the time of filing. The rule sets out no specific exceptions to, or exclusions from, this requirement. Indeed, the rule forbids any extension of the thirty-day limit."

[7] See Doc. 1-3, p. 7, "On October 2, 2001, Petitioner, represented by Mr. Kevin V. Boshea ... filed an Application for post-conviction relief (PCR) into the Fourth Judicial District Court, Parish of Ouachita, Number 97-F1334, alleging the issues presented to this Honorable Court in the instant Petition for Writ of Habeas Corpus." [See also Exhibits pp. 20-43, Application for Post-Conviction Relief which shows file date of October 2, 2001.]

6

asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). This court knows of no reason which would support equitable tolling of the statute of limitations in this case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. To the extent that petitioner contends that his counsel's error resulted in the untimeliness of his *habeas* petition, that claim is of no moment. "[M]ere attorney error or neglect is not an extraordinary circumstance" which warrants equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.2002).

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply. Dismissal on those grounds is therefore recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

   **THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 27th day of October, 2005.

```
                              KAREN L. HAYES
                              U. S. MAGISTRATE JUDGE
```